44

455 P.2d 994

**STATE of Arizona, Appellee,**

v.

**Robert James PETRINO, Appellant.**

**No. 1 CA–CR 187.**

Court of Appeals of Arizona.

June 25, 1969.

Rehearing Denied July 31, 1969.

---

Gary K. Nelson, Atty. Gen., by Carl Waag and Leonard M. Bell, Asst. Attys. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Anne Kappes, Deputy Public Defender, for appellant.

CAMERON, Judge.

This is an appeal by one of two defendants who were jointly tried by the trial court sitting without a jury. Each was found guilty and convicted of grand theft (A.R.S. § 13–661 and § 13–663). The defendant was sentenced to six to eight years in the State Prison. The two defendants were represented by separate counsel.

Although we are asked to answer some four questions on appeal we feel it necessary to concern ourselves with only one question, that is, whether the admission of a gun into evidence was reversible error as to the defendant Petrino.

The facts briefly stated are as follows. Charges were brought against Petrino and his co-defendant Mandile as the result of the alleged staging of a fake robbery of a Circle K Market in Phoenix, Arizona, at which the defendant Mandile was the assistant or night manager. The defendant Petrino was employed at the time as an assistant manager of another Circle K Market (No. 96).

At the trial before the court without a jury the State examined a Mr. Serrano, the store manager for the Circle K Market which was allegedly robbed. Mr. Serrano testified that he kept a gun under the counter at the market and that it was there the day of the alleged robbery. He further testified that the gun was missing after the robbery and that the codefendant had told him that the people who robbed the store had taken the gun with them. He further testified:

"Q Did you have occasion to see this gun again after that night?

"A Not for a long time.

"Q All right. When was it found?

"A The about date, I don't know, but it was found at Store 96.

"Q Where is that located?

"A 3211 West Roosevelt.

"Q Did you have occasion to go to that store?

"A Well, they called me up. Well, they came after me about 10:00 o'clock.

"Q Who came after you?

"A The district supervisor. He said he wanted me to go down to the store, and I did.

"Q When you went down there, did you see your gun there?

"A They showed it to me.

"Q Is this the same gun?

"A That is the same gun.

\* \* \* \* \* \*

(objection and response)

"THE COURT: I will sustain the objection.

"Q BY MR. GERST: Mr. Serrano, does this gun appear to be in substantially the same condition as it was the night you saw it at the Circle K Store?

"A It is.

"Q And you say, also, you knew Mr. Petrino?

"A I've known him for about a month.

"Q Did you know him while he was working for Circle K Markets?

"A Yes.

"Q Was he working at your store?

"A No, the same store where the gun was found.

"Q The same store where this was found?

"A Yes."

The gun was again offered in evidence and admitted over defendant's objection.

We are not called upon to determine the admissibility of the gun as to the co-defendant Mandile or whether the gun would have been admissible as to the defendant Petrino had the person finding the gun at Store 96 testified. We do hold, however, that the admission of the gun without the opportunity of the defendant Petrino to cross-examine the person who found the gun on the premises where Petrino worked was reversible error.

Defendant raises other questions on appeal including the waiver of the right to a jury and the denial of the motion for severance. Since the matter is being reversed and new trial granted, the defendant will have the opportunity to separate trial. On the retrial he shall be tried to a jury unless there are new procedures showing a proper election to waive the jury trial.

Reversed and remanded for new trial.

DONOFRIO, C. J., and STEVENS, J., concur.